UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAVIER CALLEJA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:25-cv-01389 (UNA) |
| ) | |
| PAMELA J. BONDI, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff initiated this matter on May 5, 2025, by filing a Petition for Mandamus ("Pet."), ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 1. On July 7, 2025, the Court ordered Plaintiff, who is currently confined and designated to the Missouri Department of Mental Health, to within 30 days, submit his missing prisoner trust accounting in accordance with the financial requirements of the Prison Litigation Reform Act ("PLRA"), *see* 28 U.S.C. § 1915(a)(2).

On July 28, 2025, Plaintiff filed a Second IFP Application, ECF No. 5, and noted in that Application that he has completed his criminal sentence and is currently civilly committed, and therefore, the PLRA is inapplicable to him. Upon review, Plaintiff is correct. First, he is indeed civilly committed post-sentence pursuant Missouri Statute § 632.480. *See In Re Javier Calleja*, No. 08PS-PR02667 (St. Louis Co. Mo. filed Sept. 9, 2008) (Civil Commitment); *see also State v. Calleja*, No. 2103R-03273-01 (St. Louis Co. Mo. filed Aug. 6, 2003) (Criminal Case), at Charges,

Judgments & Sentences (reflecting completion of 5-year sentence).[1]  Second, he is also correct that he is not a "prisoner" within the meaning of the PLRA, *see* 28 U.S.C. § 1915(h), and therefore he is not subject to the statute's fee provisions, because has completed the sentence for his underlying criminal conviction.  *See Vandivere v. Lynch*, No. 16-cv-1594, 2016 WL 11716441, at *1 (D.D.C. Aug. 30, 2016) (citing cases).

The Court notes, however, that Plaintiff has, somewhat counterintuitively, sent a $350 check to the Clerk's Finance Office.  Because Plaintiff is not subject to the PLRA, and the Court finds that he qualifies to proceed IFP, thus granting him leave to proceed IFP, he is not required to submit any payment, and his check shall be returned to him in full.

With the financial piece resolved, the Court may now review the Petition itself.  In his Petition, Plaintiff seeks a writ of mandamus to compel the U.S. Secretary of Homeland Security and the U.S Attorney General to expedite his long-standing removal order to deport him to Mexico within 90 days.  *See* Pet. at 1–3.

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff."  28 U.S.C. § 1361.  A plaintiff bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted).  "It is well-settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).  "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *Cheney*, 406 F.3d at 729 (citations omitted).  Only if "(1) a plaintiff has a clear right to relief, (2) a defendant has a clear duty to act, and (3) there is no

---

[1]   A court may take judicial notice of the docket and facts on the public record in other judicial proceedings. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

other adequate remedy available to the plaintiff," *Thomas v. Holder*, 750 F.3d 899, 903 (D.C. Cir. 2014), is mandamus relief granted.

Plaintiff addresses none of these elements, and thus fails to meet his burden. Even if he did, "[i]t is well-settled that a writ of mandamus is not available to compel discretionary acts," *Cox v. Sec'y of Labor,* 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases), and Plaintiff cannot demonstrate that Defendants owe him any duty or that the purported duty in expediting his removal is mandatory rather than discretionary, *see Haapaniemi v. Garland*, No. No. 24-2130, 2024 WL 4722133, at *1 (D.D.C. Nov. 7, 2024) (citing *Thye v. United States*, 109 F.3d 127, 128–29 (2nd Cir. 1997) (per curiam) (holding that there exists no private right of action that would allow a party to compel prisoner's release for immediate deportation)); *see also Perez v. Immigration & Naturalization Service*, 979 F.2d 299, 301 (3d Cir. 1992) (holding that prisoner cannot compel deportation by mandamus or any other means, prior to completion of custodial sentence) (citation omitted); *Cordova v. Bryson*, No: 16-0544, 2017 WL 902869 at *2–3 (M.D. Ga. Mar. 7, 2017) (holding that deferral of a prisoner's deportation until the completion of his term of incarceration does not violate the laws of the United States) (citations omitted); *Josephs v. Christie*, No. 10–1071, 2010 WL 3522080 at *3–*4 (D.N.J. Sept. 1, 2010) (collecting cases and holding that prisoner had no private right of action, as a convicted alien, to seek his early removal before serving his complete sentence of imprisonment); 8 U.S.C.A. §§ 1231(a)(4) (describing discretion of the Attorney General in implementing removal proceedings).

Accordingly, this matter is dismissed without prejudice. Plaintiff's Motion for Appointment of Counsel is denied as moot. An Order accompanies this Memorandum Opinion.

Date: August 19, 2025            ＿＿＿＿＿＿/s/＿＿＿＿＿＿＿＿＿＿
                                  JIA M. COBB
                                  United States District Judge